#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **DAVID WORRELLS** | : | **NO. 00-313-2** |

### MEMORANDUM

**Savage, J.**                                                                                                                                    **May 29, 2025**

Having served forty-one months of his ten-year term of supervised release, David Worrells moves for early termination so that he may travel outside of the district "unencumbered."[1] The government opposes the motion. Noting the serious nature of the underlying crimes, it argues the motion is premature and "offers no legitimate reason" that the defendant is "unduly harmed" by serving the full term.[2]

On February 1, 2001, a jury convicted Worrells of conspiracy to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846 (Count One), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Fifty-three). He was sentenced to life imprisonment on Count One and 120 months on Count Fifty-three, to run concurrently, followed by a ten-year term of supervised release.

In 2006, upon remand from the Third Circuit Court of Appeals Worrells' sentence was reduced to forty years on Count One and two years on Count Fifty-three. In 2012, his sentence was again reduced to 360 months on Count One as a result of retroactive amendments to the Sentencing Guidelines. Finally, in 2021 his term was reduced to 300

---

[1] Def.'s Mot. Early Termination Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1) at 1, Doc. No. 935.

[2] Gov't's Opp'n Def.'s Mot. Early Termination Supervised Release at 1, Doc. No. 942.

months pursuant to the First Step Act.

Worrells was released from prison on October 27, 2021.  As of March 2025, when he filed this motion, he had served forty-one months of his ten-year term of supervised release.

## Discussion

A court may, in its discretion, terminate a term of supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  Before doing so, the court must consider the sentencing factors set forth in § 3553(a).  *Id.*  Despite the statutory mandate that a court consider all § 3553(a) factors, the Third Circuit Court of Appeals has noted that the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment is not relevant to the consideration of early termination of supervised release.  *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012).

Supervised release is not intended to be a form of punishment.  It is meant to assist the defendant integrating into the community.  *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021) ("[T]he primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." (quoting *Murray*, 692 F.3d at 280)).  It is a form of rehabilitation.  *Id.*  (citing *United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.")).

Worrells represents that he is "fully integrated into society."[3]  He has maintained

---

[3] Def.'s Mot. Early Termination at 1, Doc. No. 935.

full compliance with the terms of his supervised release, been steadily employed, and maintained a stable residence. He has also satisfied all financial obligations. He is classified as a low/moderate risk level offender, reporting to probation in person as requested. Thus, he has demonstrated that he is on his way to rehabilitation.

Worrells has not shown how or why his travel restriction negatively affects him. He has not requested permission to travel outside the district. Nor has he sought a modification of the travel restriction.

We acknowledge his progress. But, having considered the relevant factors under § 3553(a), the defendant's conduct, and the interests of justice, we conclude that early termination is not warranted at this time. Therefore, we shall deny the motion without prejudice. If he continues his commitment to rehabilitation, he may renew his motion after serving more than five years on supervised release.